1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

JESSE ANDERSON,

Case No. 3:16-cv-00460-MMD-WGC

7

Plaintiff,

**REPORT & RECOMMENDATION OF**
**U.S. MAGISTRATE JUDGE**

8

v.

9
10

NEVADA DEPARTMENT OF PUBLIC
SAFETY OFFICER MARC CHAMBERS,
et.al.

11

Defendants.

12
13

Before the court is Plaintiff's renewed application to proceed in forma pauperis

(Electronic Case Filing (ECF) Nos. 1-3, 4)  and pro se complaint (ECF No. 1-1).

14

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

15
16

A person may be granted permission to proceed in forma pauperis if the person "submits

an affidavit that includes a statement of all assets such [person] possesses [and] that the person is

17

unable to pay such fees or give security therefor. Such affidavit shall state the nature of the

18

action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

19
20

§ 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision

applies to all actions filed in forma pauperis, not just prisoner actions).

21
22

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person,

who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed

23

*in forma pauperis*. The application shall be made on the form provided by the Court and shall

24

include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

25

LSR 1-1.

26

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

27

particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

28

(quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months is $2.09, and his average monthly deposits are $18.50.

Plaintiff's application to proceed in forma pauperis should be granted; however, Plaintiff is required to pay a partial initial filing fee in the amount of $3.70 (20% of his average monthly deposits), and is required to pay the remainder of the filing fee over time pursuant to 28 U.S.C. § 1915.

## II. SCREENING

### A. Standard

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122,

1   1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per

2   curiam).

3           Dismissal of a complaint for failure to state a claim upon which relief may be granted is

4   provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same

5   standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended

6   complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review

7   under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

8   232 F.3d 719, 723 (9th Cir. 2000).

9           In reviewing the complaint under this standard, the court must accept as true the

10   allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),

11   construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the

12   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se

13   complaints are held to less stringent standards than formal pleadings drafted by lawyers, and

14   must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

15   U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

16           A complaint must contain more than a "formulaic recitation of the elements of a cause of

17   action," it must contain factual allegations sufficient to "raise a right to relief above the

18   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

19   must contain something more...than...a statement of facts that merely creates a suspicion [of] a

20   legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and

21   Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough

22   facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*,

23   556 U.S. 662, 678 (2009).

24           A dismissal should not be without leave to amend unless it is clear from the face of the

25   complaint that the action is frivolous and could not be amended to state a federal claim, or the

26   district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

27   1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th

28   Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Nevada Department of Public Safety Parole Officer Marc Chambers and a Doe lieutenant from the Nevada Department of Public Safety. (ECF No. 1-1 at 1-2.)

In Count I, Plaintiff alleges that Officer Chambers retaliated against him and caused him harm by falsifying a paper, lying to a commissioner. (*Id.* at 4.) He claims Chambers was present a revocation hearing in January or February of 2015, where Plaintiff was admonished for crossing the state border for work but was not revoked. (*Id.*) Then, in May of 2015, Plaintiff contends that Chambers falsified a report so that Plaintiff would be revoked and go to prison. (*Id.*)

With respect to the retaliation claim, the Ninth Circuit has held that "[o]therwise lawful government action may nonetheless be unlawful if motivated by retaliation for having engaged in activity protected under the First Amendment." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016). A plaintiff asserting a retaliation claim must allege:

(1) he was engaged in constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.

*Id.* (quoting *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). The burden then shifts to the government "to show that it 'would have taken the same action even in the absence of the protected conduct.'" *Id.* (citation omitted). Plaintiff has not alleged that he was engaged in constitutionally protected activity when Chambers falsified a report against him; that this would chill a person from ordinary firmness from continuing to engage in protected activity; or that the protected activity was a substantial or motivating factor in the defendant's conduct. Therefore, this claim should be dismissed. It is not clear that the deficiencies noted could not be cured by amendment; as such, the dismissal should be with leave to amend.

Plaintiff states a colorable due process claim against Chambers based on the allegation that he falsified a report so that Plaintiff would be revoked and go to prison. *See Maxwell v. Roe*, 628 F.3d 486, 507 (9th Cir. 2010), *cert. denied.*, 132 S.Ct. 611 (Jan. 9, 2012); *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) ("there is a clearly established

1  constitutional due process right not to be subjected to criminal charges on the basis of false

2  evidence that was deliberately fabricated by the government.").

3  In Count II, he alleges that he was in his residence when Chambers, without provocation,

4  grabbed Plaintiff's right arm, dragged him ten to twelve feet and body slammed him into a solid

5  oak door. (*Id*. at 5.) He contends that he is now wheelchair bound with a separated pelvis,

6  herniated disc, torn tendons and ligaments. (*Id*.)

7  Plaintiff states a colorable Fourth Amendment excessive force claim against Chambers in

8  Count II. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Sandoval v. Las Vegas Metropolitan*

9  *Police Dept.*, 756 F.3d 1154, 1165 (9th Cir. 2014) (citation omitted) ("Excessive use of force in

10  effectuating a seizure violates the Fourth Amendment.").

11  In Count III, he alleges that Chambers violated his due process rights when he sabotaged

12  Plaintiff's revocation hearing. (*Id*. at 6.) Plaintiff claims that Chambers privately met with

13  Chairwoman Connie Bisbee and they discussed how to put Plaintiff in prison for a long time

14  whether or not he was innocent. (*Id*.) He further avers that Chambers dissuaded, pressured and

15  oppressed witnesses to ensure Plaintiff would be prejudiced. (*Id*.) He states that witnesses came

16  forward with claims that Chambers threatened them to produce false evidence and comply with

17  his "wants." (*Id*.)

18  Again, Plaintiff states a colorable due process claim related to the allegation that

19  Chambers fabricated evidence.

20  In Count IV, Plaintiff alleges that he had a contract to remodel the old Valley Chevrolet

21  building in Carson City, and Chambers denied Plaintiff's ability to lock and secure the building,

22  equipment and materials. (*Id*. at 7.) People stole the equipment and tools. (*Id*.)

23  Insofar as Plaintiff seeks to assert a retaliation claim in Count IV, he has not alleged facts

24  demonstrating he was engaged in protected activity when this event occurred. While he makes

25  reference to the Sixth, Eighth and Fourteenth Amendment's Equal Protection Clause, none of

26  those constitutional amendments are implicated by these allegations. In an abundance of caution,

27  Plaintiff should be given leave to amend with respect to Count IV.

28

1    In Count V, Plaintiff alleges that Chambers' lieutenant, retaliated against Plaintiff when

2  he signed a violation report in January or February of 2015, and Plaintiff was found not guilty.

3  (*Id*. at 8.) Plaintiff claims that Chambers stated on the record that this lieutenant told him to

4  falsify the revocation report. (*Id*.)

5    Plaintiff states a colorable due process claim related to the allegation that the lieutenant

6  directed the fabrication of evidence; however, he will have to amend his complaint pursuant to

7  Federal Rule of Civil Procedure 15, Local Rule 15-1 and any scheduling order to substitute in the

8  name of the Doe defendant once he is identified.

9  ### **III. RECOMMENDATION**

10    **IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

11    **(1) GRANTING** Plaintiff's application to proceed in forma pauperis (ECF No. 1);

12  however, pursuant to pursuant to 28 U.S.C. § 1915(b), he is still required to pay the full amount

13  of the filing fee over time. Within thirty days of the date of any order adopting and accepting this

14  report and recommendation, Plaintiff should be required to pay an initial partial filing fee of

15  $3.70. Thereafter, Plaintiff should be required to make monthly payments of twenty percent of

16  the preceding month's income credited to his account to be forwarded by the agency having

17  custody over Plaintiff to the Clerk of this court each time the amount in Plaintiff's account

18  exceeds $10 until the filing fee is paid.

19    (2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1);

20    (3) Allowing the complaint to proceed on: (a) the due process claim against Chambers in

21  Count I; (b) the Fourth Amendment excessive force claim against Chambers in Count II; (c) the

22  due process claim against chambers in Count III; (d) the due process claim against the Doe

23  defendant lieutenant in Count IV; however, Plaintiff will have to amend his complaint pursuant

24  to Federal Rule of Civil Procedure 15, Local Rule 15-1 and any scheduling order, to substitute in

25  the name of the Doe defendant once he is identified

26    (4) Giving Plaintiff **THIRTY DAYS** leave to amend with respect to the retaliation claims

27  in Counts I and IV. If he chooses to file an amended complaint, it should be on the approved

28  form for filing a complaint under 42 U.S.C. § 1983. He should write the words "AMENDED

COMPLAINT" above the words "Civil Rights Complaint" in the caption. The amended complaint shall be complete in and of itself, and any allegations or parties from the original complaint not carried forward to the amended complaint will not proceed in the amended complaint. If Plaintiff fails to file an amended complaint during the prescribed time, he should be advised that those claims will be dismissed.

(5) Service will be addressed when Plaintiff files the amended complaint, or the thirty day deadline expires without Plaintiff having filed the amended complaint.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  August 16, 2016.

William G. Cobb

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

- 7 -